IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY LUCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 20-29-CG-B |
| | ) |
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Plaintiff's, Gregory Luce's ("Luce") Motion to Appoint Umpire (Doc. 5) and Certain Underwriters at Lloyd's London's ("Underwriters") Motion to Stay Appraisal Pending Adjudication of Issues of Coverage and Causation (Doc. 8) and Motion for Leave to File Counterclaim for Declaratory Judgment (Doc. 9). Plaintiff has filed an Objection to the Motion for Leave (Doc. 13) and an Objection to the Motion to Stay (Doc. 14) and Defendant has replied (Doc. 26) For the reasons explained below, the Court finds that Plaintiff's Motion to Appoint Umpire should be DENIED. Defendant's motion to stay is GRANTED to the extent that the previous stay of this litigation is lifted and its motion for leave to file a counterclaim is GRANTED.

**FACTUAL AND PROCEDURAL BACKGROUND**

In August 2017, Plaintiff purchased a home located in Mobile, Alabama. (Doc. 8 at 3; PageID.291). Underwriters issued a homeowner's insurance policy to

1

Plaintiff for the period of August 28, 2017 to August 28, 2018 (the Policy). (*Id.* at 4; PageID.292). On July 12, 2018, Plaintiff submitted a claim for roof damage as a result of wind event that occurred on May 13, 2018. (*Id.*; Doc. 8-2 at 2; PageID.304). In response to Plaintiff's claim, Underwriters conducted an investigation which included hiring a field adjuster, a roofing consultant, and an engineer. (*Id.*; Doc-8-3 and 8-4). On July 19, 2018, the field adjuster viewed Plaintiff's roof and noticed previous repairs. (Doc. 8 at 4; PageID.292). The following day, the roofing consultant inspected the roof and observed one missing tile lying on the ground, cracked tiles on both roof slopes, and chimney flashing that required sealing. (*Id.*; Doc. 8-3). On August 15, 2018, the engineer inspected the roof and observed widespread age-related wear and deterioration and widespread previous tile repairs. (*Id.*; Doc. 8-4). The engineer determined any wind damage was limited to one missing tile and an area of water intrusion in the space below the missing tile. *Id.*

On September 17, 2018, Underwriters sent Plaintiff a letter explaining that the covered damage was limited to one missing tile (with an estimated cost of $454.95) and an area of water intrusion in the space below the missing tile (estimated cost of $713.02); and disclaiming coverage for damage attributable to the remainder of the roof caused by age, wear and tear, deterioration, weathering and improper maintenance. (Doc. 8 at 5; PageID.293; Doc 8-5). Plaintiff, through retained counsel, responded to Underwriters by letter on January 15, 2019, stating "we disagree as to the extent and cost of repairing the damage ... we demand an

appraisal...." (*Id*.; Doc. 8-6). On March 5, 2019, Underwriters confirmed their agreement to the appraisal process, repeating the bases for their coverage determination and clarifying that the scope of the appraisal would be limited to the value of the covered loss consistent with Alabama law. (*Id*.; Doc. 8-7). Plaintiff's counsel responded on March 14, 2019, by renewing Plaintiff's demand for an appraisal and stating "we would reject any limitations regarding the scope of the appraisal." (*Id*.; Doc. 8-8). Underwriters sent another letter on April 5, 2019, reiterating that the scope of the appraisal would be limited to the value of the covered loss. (*Id*. at 6; PageID.294; Doc. 8-9).

On June 21, 2019, Plaintiff filed a complaint in state court against Bass Underwriters ("Bass") and Underwriters seeking to compel the appraisal process. (Doc. 1-1, PageID.3). Underwriters answered on July 31, 2019, stating "Underwriters have at all relevant times stood prepared to participate in the appraisal process in good faith." (Doc. 1-1 at 93; PageID.98). The same day, Bass filed a Motion to Dismiss, or in the alternative, a Motion for Summary Judgment. (Doc. 1-1 at 104-05; PageID.109-10). On August 21, 2019, Plaintiff responded to the Motion to Dismiss, but prior to the hearing on the same, the parties filed a joint motion requesting Bass be dismissed from the lawsuit without prejudice and Underwriters be identified as the correct party and seeking to stay the action pending the parties' participation in the appraisal process. (Doc.1-1 at 138-39; PageID.143-44). An order was entered by the Circuit Court granting the parties joint motion. (Doc.1-1 at 144; PageID.149)

On November 26, 2019, the appraisers for Plaintiff and Underwriters conducted a joint inspection of the home. (Doc. 8 at 6; PageID.294; Doc. 8-10). Thereafter, the parties filed a Status Report in the state court suit explaining the appraisal process was ongoing. (Doc. 1-1, Page ID.153). On January 7, 2020, Underwriters' appraiser emailed Plaintiff's appraiser a list of umpire candidates. (*Id*. at 7; PageID.295; Doc. 8-10). On January 9, 2020, Plaintiff filed a Motion to Appoint Umpire in state court attaching a report from Plaintiff's appraiser for $116,928.59 in repairs. (Doc. 1-1, Page ID.154). On January 16, 2020, Defendant provided its appraisal report to Plaintiff. (Doc. 26 at 2; PageID.726; Doc.26-1).

Plaintiff's attachment of his appraiser's estimate prompted Defendant to remove this action on January 17, 2020. (Doc. 1). On February 3, 2020, Plaintiff filed a Motion to Appoint Umpire in this Court (Doc. 5). Defendant responded on February 11, 2020, by filing the instant Motion to Stay and Motion for Leave to File Counterclaim (Docs. 8 and 9).[1] Plaintiff responded to the instant motions (Docs. 13 and 14) and Defendant replied (Doc. 26). The matter is now ripe for adjudication.

## DISCUSSION

**A.    Motion to Appoint Umpire**

Plaintiff seeks to have this Court appoint an umpire pursuant to the appraisal clause of the Policy. (Doc. 5, generally). Plaintiff submits that

---

[1] Prior to the deadlines for briefing the subject motions, Plaintiff filed a motion to remand. (Doc. 11). Given the jurisdictional issues raised, this Court stayed the subject motions pending a ruling on the motion to remand, which was ultimately denied (Doc. 22).

4

Defendant's appraiser inspected Plaintiff's home but, since then, has failed to comply with the appraisal clause by failing to submit an appraisal of the damage to Plaintiff's home within the time set out in the contract and by failing to submit a list of umpires. (Doc. 5 at 2; PageID.295). According to Plaintiff, at the time the motion was filed (February 3, 2020), more than 60 days had elapsed since the Defendant's appraiser inspected Plaintiff's home. (*Id*. at 4; PageID.197).

In response, Defendant filed a motion to stay the appraisal process asserting that appointing an umpire is improper at this stage because Plaintiff, by way of submitting his appraiser's report has raised new issues relating to coverage and causation which cannot be determined by the appraisal process. (Doc. 8, generally). Defendant alternatively argues Plaintiff's motion to appoint an umpire should be denied for failure to comply with the conferral requirement of the Appraisal provision—which states the parties may ask a Court to select an umpire "[i]f they cannot agree upon an umpire within 15 days." (Doc. 8 at fn 4; PageID.298). In so asserting, Defendant contends that Plaintiff's inaccurately stated that Defendant's appraiser "had not been heard from" and incorrectly implies that the two appraisers had conferred and were unable to agree upon an umpire as required by the appraisal provision of the Policy. (Doc. 8 at 7-8; PageID.295-96). For support, Defendant points to an email from Defendant's appraiser, Larry Masters, to Plaintiff's appraiser with a list of umpires sent two days prior to the filing of Plaintiff's motion (in state court), and an affidavit of Masters wherein he submits that he is aware of no efforts made by Plaintiff's appraiser to confer. (Doc. 8-10).

5

Notably, Plaintiff has not provided this Court with any argument or documentation, to support the factual bases for his motion in light of Defendant's response and the documentation of record.  Because the record fails to substantiate Plaintiff's position that it is necessary for this Court to appoint an umpire, regardless of whether causation and coverage issues now exist, Plaintiff's motion should be denied as premature.[2]

**B.    Motion to Stay**

Underwriters state that based on Plaintiff's appraisal report provided in January 2020, Plaintiff "is broadly increasing the scope of his claim—well beyond damages alleged at the time the claim was initially adjusted." (Doc. 8 at 10; PageID.298).  As a result, Underwriters argues there are new issues to be adjudicated including,  "whether and to what extent the claimed loss was caused by the alleged May 2018 loss event, whether and to what extent the claimed loss occurred during the Underwriters Policy period, and whether the claimed loss was caused by a covered peril, as opposed to age, wear and tear, deterioration, weathering and improper maintenance for example." (*Id*.)  Citing a number of cases which found that the appraisal process is appropriate only where the parties disagree as to the "amount of loss" and that the appraisal process is inappropriate for determining issues of causation and coverage, Underwriters seeks to stay the appraisal process pending adjudication of causation and coverage by this Court.

---

[2] This finding in no way prevents this Court from appointing an umpire at a later date should it become necessary.

6

(Doc. 8, generally). To that end, Underwriters has simultaneously filed a motion for leave to file a counterclaim for declaratory judgment as to its obligations under the Policy, discussed herein below. (Doc. 9; Doc. 9-1)

In response, Plaintiff has objected to Defendant's request for a stay on the grounds that (1) the relief Defendant seeks, in effect is to set aside the previous order of the state court whereby it directed the parties to participate in the appraisal process and (2) Defendant's request for a stay is in effect a request for a preliminary injunction. (Doc. 14 at 2-3; PageID.665-66). Defendant denies it is attempting to set aside a previous order and reiterates that it "remain[s] committed to conducting the appraisal once the newly raised questions of coverage and causation are adjudicated by the Court." (Doc. 26 at 4; PageID.728).[3]

The Court does not find Plaintiff's arguments compelling. The Court understands Plaintiff's first argument to be two-fold. First, Plaintiff takes issue with the fact that Defendant has not properly filed a motion to set aside a previous order under the appropriate rules. Second, Plaintiff implies that Defendant is attempting to take advantage of this Court by having it re-decide an issue on which the state court has already ruled.[4] Notably, with regard to the former position, the Plaintiff does not argue that this Court has *no* authority to set aside a previous order and does not argue that doing so in this instance is substantively improper.

---

[3] Nevertheless, Defendant also cites to this Court's authority to set aside a previous order. (Doc. 26 at 4; PageID.728).
[4] This argument is explained in greater detail in Plaintiff's objection to the pending Motion to Amend. (Doc. 13).

Instead, Plaintiff asserts only that Defendant's motion to stay should be denied because it is the procedural equivalent of a motion to set aside, which is not properly brought.  The Court disagrees. Defendant's motion is plainly a motion to stay, seeking relief based on this Court's ability to issue stay in an effort to control its own docket.   (See Doc. 8).  Moreover, Defendant plainly argues that the state court was never faced with the issues presently brought and therefore, did not render a decision on the same. Defendant's position overlaps with Plaintiff's second argument, that Defendant is attempting to "re-try" issues previously ruled on.  Again, the Court it not persuaded.

The record reflects that the only order issued by the state court in this action was an order granting the parties *joint* motion to dismiss Bass Underwriters, amend the name for Underwriters as the correct defendant, and stay the litigation while the parties moved forward with the appraisal process *by agreement*. (Doc. 1-1 at 144; PageID.149).  The order entered by the state court mirrors the joint proposed order submitted by the parties. (Doc. 1-1 at 140; PageID.145).  Moreover, the underlying joint motion specifically states, "Plaintiff and Underwriters have agreed to proceed with the appraisal process in a manner consistent with the policy language and with Alabama law". (*See* Doc. 1-1 at 138; PageID.143).  As a result, the state court's previous order did not contemplate the issues now raised by Defendant; whether the appraisal process should proceed when there is a dispute over causation and coverage.  More importantly, because the state court did not

resolve the issues now raised, it cannot be said that Defendant is seeking to re-try any issue.

Next, Plaintiff's position that Defendant is seeking a preliminary injunction is not well taken. Plaintiff has not provided any legal support for his position that a request for a stay in similar circumstances is equivalent to a request for an injunction. While Plaintiff may be correct that the result granting the requested relief in this action will result in a cessation of the appraisal process, the result does not inform the grounds. At no point in Defendant's motion does it allege that Plaintiff should be enjoined from continuing with the appraisal process because it would otherwise suffer irreparable imminent harm, as Plaintiff asserts it must. (See Doc. 14 at 2; PageID.665). Instead, according to Underwriters, a stay is warranted in this action because Plaintiff, by submitting its appraisers report in January 2020, has shown that he is attempting to resolve issues of coverage and causation through the appraisal process, which cannot be done as a matter of law, pursuant to *Rogers v. State Farm Fire & Casualty Co.*, 984 So.2d 382 (Ala. 2007). (Doc. 8 at 9-10; PageID.297-98). In *Rogers,* the Alabama Supreme Court stated:

> Having considered the holding of other jurisdictions regarding the scope of an appraiser's rights and duties under an appraisal clause in an insurance policy, we conclude that the more persuasive authority is the authority holding that an appraiser's duty is limited to determining the 'amount of loss'—the monetary value of the property damage—and that appraisers are not vested with the authority to decide questions of coverage and liability; we thus adopt that holding as our rule of law. Questions of coverage and liability should be decided only by the courts, not appraisers. This holding is consistent with the longstanding principle that '[t]he court must enforce the insurance policy as written if the terms are unambiguous.' *Safeway Ins. Co. of Alabama v. Herrera*, 912 So.2d 1140, 1143 (Ala.2005). We find no ambiguity in the term 'the

9

>amount of loss' as used in the appraisal clause in the Rogerses' homeowner's policy that would permit an appraisal to include questions of coverage and liability. Such a conclusion is also consistent with the principle that '[t]he contract shall be construed liberally in favor of the insured and strictly against the insurer.' *Allstate Ins. Co. v. Skelton*, 675 So.2d 377, 379 (Ala.1996).
>
>Therefore, we hold that the trial court erred in ordering the parties to submit to the appraisal process. Although the parties agreed as to the causation of the damage to the roof, they were not in agreement as to the cause of the damage to the brick veneer or to the foundation. The determination of the causation of these matters is within the exclusive purview of the courts, not the appraisers."

984 So.2d at 392. Accordingly, *Rogers* supports the general argument that proceedings conducted pursuant to an appraisal clause are appropriate only to establish the amount of loss when both parties agree on whether a loss is covered.

Importantly, in the instant case, the record suggests that parties do not agree as to the cause of the loss. Underwriters contends that Plaintiff's covered loss is limited to one missing roof tile and an area of water intrusion in the space below the missing tile and disclaims coverage for damage attributable to the remainder of the roof caused by age, wear and tear, deterioration, weathering and improper maintenance. (Doc. 8 at 5; PageID.293; Doc 8-5). Based on his appraiser's report, Plaintiff seeks repairs to his entire roof and a significant portion to the interior of the home. Notably, neither in his objection to the motion for leave to amend nor his objection to stay does Plaintiff argue that if the appraisal process continued, the appraisers would not be faced with issues of causation and coverage. (See Docs. 13 and 14). Plaintiff also makes no argument and fails to offer any legal support that the appraisal process should continue in this action in light of Alabama law.

10

Having determined that Plaintiff's objections are not compelling reasons to deny Defendant's request, the Court now turns to whether it should grant the relief Defendant seeks. "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

Despite the above analysis and the Court's discretion to enter a stay, the Court is not convinced that from a procedural standpoint, a stay is the most appropriate course in this action. Since this case was removed to this Court, it has been stayed pending the appraisal process. Moreover, in this action, the appraisal process was not compelled by the state court, but rather was instigated by agreement after Plaintiff filed a complaint *to invoke the appraisal process.* As such, Defendant's request is viewed as one to stay a complaint because the *causes of action* cannot proceed as a matter of law. If a cause of action is not viable, a stay is not warranted. The Court finds that a better approach would be to construe Defendant's motion as a motion to lift the stay previously ordered in this action. Because Defendant has shown that there is a dispute over coverage and causation, because Plaintiff has offered no argument to the contrary, and because the

11

appraisal process cannot resolve disputes over causation and coverage as a matter of law, a stay of this litigation pending the appraisal process is no longer warranted. Accordingly, the stay previously entered in this action is lifted.

### C. Motion to Amend

Underwriters seeks leave to file a counterclaim for declaratory judgment as to their rights and duties to Plaintiff under the Policy. (Doc. 9; Doc. 9-1). To show that its motion is made in the interest of justice, Underwriters relies on its motion to stay discussed hereinabove. (Doc. 9). Plaintiff's objection, to some extent, reiterates the positions raised in his objection to the motion to stay. More specifically, Plaintiff states that while the motion to dismiss Bass was pending in state court, but before that court entered any ruling, "Defendants offered a resolution" to the motion whereby in exchange for Plaintiff's allowance of Bass' dismissal, Defendants "would agree to an unrestricted appraisal." (Doc. 13 at 3; PageID.633). As such, Plaintiff asserts "Defendant should not be allowed [to] set aside a state court order then proceed with a new trial while taking an opposing position on what had been agreed upon, so to speak. They should not have another bite at that apple." (*Id*. at 4; PageID.634). Plaintiff additionally asserts that he would be prejudiced should Defendant be granted leave because the same would undermine the appraisal process and result in more time and the costs of litigation including a trial which could include additional parties and claims. (*Id*. at 4-5; PageID.634-35).

Rule 15(a) of the Federal Rules of Civil Procedure governs requests for leave to amend pleadings and leave should be freely given. Therefore, "there must be a substantial reason to deny a motion to amend." *Laurie v. Ala. Ct. of Crim.App.*, 256 F.3d 1266, 1274 (11th Cir. 2001); *Florida Evergreen Foliage v. E.I. DuPont De Nemours and Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) (citation omitted) ("[U]nless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial.") Factors for consideration include: 1) whether there has been undue delay, bad faith, dilatory motive or repeated failures to cure deficiencies by amendments previously allowed; 2) whether allowing an amendment would cause undue prejudice to the opposing party; and 3) whether an amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Plaintiff has not classified his objections in a manner consistent with the *Foman* factors. To the extent that Plaintiff is asserting that Defendant has acted in bad faith, thereby warranting a denial of its motion to amend, the Court is not persuaded. Contrary to Plaintiff's assertion that an underlying agreement existed, the record reflects that Defendant has continually maintained that the appraisal process should proceed in a manner consistent with the Policy and Alabama law. (See Docs. 8-5, 8-7, 8-9). The parties' joint motion filed in state court does not allude to any underlying agreements between the parties and states an agreement to proceed with the appraisal process in accordance with Alabama law. (Doc.1-1 at 138-39; PageID.143-44). The parties then actively participated in the appraisal

13

process until the filing of Plaintiff's motion to appoint an umpire, which exposed the causation dispute now before the Court. As a result, this Court is not persuaded that Plaintiff has established that Defendant has acted in bad faith, such that denial of its request to amend is warranted.

To the extent that Plaintiff is asserting that Defendant should be judicially estopped from asserting a counterclaim, the Court is, likewise, not persuaded. "The purpose of judicial estoppel is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment" or "from playing fast and loose with the courts." *Walden v. Hutchinson*, 987 So.2d 1109, 1117 (Ala.2007) (citations and internal quotation marks omitted). While not set forth in Plaintiff's argument, judicial estoppel requires a showing of each of the following three elements: "(1) a party's later position must be clearly inconsistent with its earlier position; (2) the party must have been successful in the prior proceeding so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled ...; and (3) the party seeking to assert an inconsistent position must derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Caribbean I Owners' Assoc, Inc v. Great American Ins. Co. of New York*, 619 F.Supp.2d 1178, 1184 (S.D. Ala. 2008) quoting *Chapman Nursing Home, Inc. v. McDonald*, 985 So.2d 914, 923 (Ala.2007) (citations and internal quotation marks omitted). Plaintiff has not established that the relevant requirements have been met in this action such that Defendant should

be estopped from asserting a counterclaim. Further, the facts as set forth above fail to support estoppel is warranted.

Lastly, Plaintiff contends that allowing amendment would prejudice Plaintiff because it would undermine the appraisal process, cause added costs and time of litigation, and result in a trial with potentially additional parties and causes of action. (Doc. 13 at 4-5; PageID.634-35). However, in light of the above analysis and Plaintiff's failure to argue that the appraisal process would not run afoul of Alabama law if it were to proceed, it cannot be said that Plaintiff's potential prejudice or any resulting delays would be unfair. Accordingly, the Court does not find that Plaintiff has provided this Court with a substantial reason for denying Defendant's motion for leave to amend.

The Court would, however, note the implications of this Order. Namely, it does not appear that Plaintiff's complaint states a cause of action beyond its appraisal related causes of action. Specifically, Count I, states "Defendants negligently acted in an arbitrary and capricious manner and failed to abide by the terms of the policy, specifically the provisions for invoking appraisal under said policy" and Count II seeks an order "enforcing the appraisal provisions of the insurance policy." As such, if the appraisal process is unavailable as a matter of law, there would remain no cause of action on which to proceed but Defendant's proposed counterclaim. However, Plaintiff has indicated that if the Court agreed to the relief requested by Defendant then Plaintiff would seek leave to amend his Complaint. As such, by lifting the stay and allowing Defendant to amend, the Court

15

will no doubt be faced with a motion to amend the Complaint, a second round of objections, possible amendment, and then another round of responsive pleadings. Under the circumstances, the most efficient procedure is to Order Plaintiff to file an Amended Complaint after which time Defendant will have an opportunity to answer and assert its counterclaims. Once the relevant pleadings have been filed and the causes of action determined, this Court will enter a scheduling Order regarding the course of this action.

## CONCLUSION

For the reasons set forth hereinabove, the Court finds that Plaintiff's motion to appoint umpire is **DENIED**. Defendant's motion to stay, as restated by the Court, is **GRANTED** in that the previous stay of this litigation is lifted and the motion for leave to file a counterclaim is **GRANTED**. Plaintiff is **ORDERED** to file an Amended Complaint on or before June 2, 2020.

**DONE** and **ORDERED** this 19th day of May, 2020.

 /s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE